EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SARAH J. HEIDEL (Cal. Bar No. 209886)
BYRON J. MCLAIN (Cal. Bar No. 257191)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2451/0637
     Facsimile: (213) 894-6269
     E-mail:    Sarah.heidel@usdoj.gov
                Byron.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-00489-GW |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND EX PARTE APPLICATION FOR EXTENSION OF TIME TO SURRENDER |
| v. | |
| BRUCE RICHARD SANDS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Sarah J. Heidel and Byron J. McLain, hereby files its Opposition to Defendant Bruce Sands' Second Ex Parte Application for Extension of Time to Surrender.

//
//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 10, 2016                Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        SARAH J. HEIDEL
                                        BYRON J. MCLAIN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On April 14, 2016, Bruce Richard Sands ("defendant") pleaded guilty to three counts of mail fraud, in violation of 18 U.S.C. § 1341, five counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of transactional money laundering, in violation of 18 U.S.C. § 1957.  (Dkt. 68.)

On July 28, 2016, this Court sentenced the defendant to 135 months' imprisonment and three years of supervised release.  The Court also ordered defendant to pay restitution in the amount of $11,039,404.49 and a special assessment of $1,100.  (Dkt. 83.)  The court ordered defendant to surrender to the Bureau of Prisons no later than September 28, 2016.

On September 27, 2016, the defendant filed an ex parte application to continue his surrender date from September 28, 2016 to November 12, 2016.  (Dkt. 91.)  The defendant argued that a child psychologist diagnosed his son as suffering from "acute stress disorder with disturbance of conduct."  (Id. at 2.)  The defendant requested an extension of 45 days for defendant's surrender date.  The government took no position on this request.  (Id. at 3.)  On September 28, 2016, this Court extended defendant's surrender date to November 14, 2016 at 12:00 p.m.  (Dkt. 93.)

On November 9, 2016, the defendant filed a second ex parte application to continue his surrender date for an additional 90 days from November 14, 2016 to January 31, 2017 (the "Second Application").  (Dkt. 96.)  The defendant requested the 90-day extension for the same reasons as his first request, which are "to continue to assist [his son] with the loss of his father and with the

1

transition into a new home, a new school, a new environment and a new community." (Dkt. 96 at 2.) The government opposes this request for an additional 90-day extension for the following reasons identified below.

## II. ARGUMENT

***First***, the government views defendant's second request for an extension of his surrender date skeptically and largely as a veiled attempt to avoid incarceration. As defendant admitted in his Second Application, defendant "surrendered himself to the custody of the United States Marshals the morning of September 28 and was taken into custody." (Dkt. 96 at 2.) Thus, it is apparent that as of September 28, 2016, defendant had made necessary childcare arrangements.

***Second***, the burden is on the defendant to specifically justify why another extension of his sentencing date is required. Regardless of the specific surrender date, as a result of defendant's criminal conduct he will be separated from his son. Defendant provides very little justification in his Second Application as to why a further extension will be helpful, simply stating that January 31, 2017 is requested in order "to continue to assist [his son] with the loss of his father and with the transition into a new home, a new school, a new environment and a new community." (Dkt. 96 at 2.) Defendant does not provide any details concerning (i) the location of the new home, (ii) why 90 days in particular is necessary, (iii) how the past 45-day extension has provided any assistance to his child's emotional issues, and (iv) how an additional 90-day extension will alleviate any concerns relating to his child's alleged Oppositional Defiant Disorder, ADHD, and ADD.

2

***Third***, defendant's impending separation from his child due to his criminal conduct and the resulting incarceration do not distinguish him from any other defendants incarcerated under similar circumstances. Just as family ties and responsibilities are not ordinarily relevant to determining whether a sentencing departure may be warranted (see U.S.S.G. § 5H1.6), the government does not view the defendant's circumstances as unique enough to justify an additional 90-day extension of his surrender date. A defendant whose family will suffer in his or her absence is not unique among white-collar criminals, and should not compel a court to stray from imposing an appropriate sentencing surrender date. Cf. United States v. Levinson, 543 F.3d 190, 198-200 (3d Cir. 2008) (finding that considering the district court's proper acknowledgement that defendant was not atypical in regard to the effect his incarceration would have on his family, defendant naturally would have fallen within the Guidelines).

///

## III. CONCLUSION

For all of the reasons stated above the government respectfully opposes defendant's request to continue his surrender date past November 14, 2016.

Dated: November 10, 2016    Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

        /s/
SARAH J. HEIDEL
BYRON J. MCLAIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA